

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-81,507-03

### EX PARTE ANDRES MATA, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. F-0401557-QI IN THE CRIMINAL DISTRICT COURT NO. 2
### FROM DALLAS COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual assault and sentenced to life imprisonment. The Fifth Court of Appeals affirmed his conviction. *Mata v. State*, No. 05-05-00504-CR (Tex. App.–Dallas March 26, 2007)(not designated for publication).

Applicant contends that his trial counsel rendered ineffective assistance because counsel failed to object to the omission of "without the consent of the complainant" in the jury charge in two

out of the three disjunctive theories, improperly advised Applicant not to testify on his own behalf, failed to subpoena an apartment security guard that could cast doubt as to the veracity of the testimony of a State's witness, failed to request a jury instruction on illegally-obtained eyewitness testimony pursuant to TEX. CODE CRIM. PROC. art 38.23(a), improperly called Applicant's then-fiancée to the stand which opened the door to extraneous bad acts, and failed to object to the trial court's exclusion of Applicant's written statement.

Applicant also contends that his appellate counsel rendered ineffective assistance because counsel failed to brief on appeal the issue of whether the trial court erred in denying Applicant's request to make a backup of the court reporter's audiotape available to the defense.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel and appellate counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel and appellate counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make findings as

to whether the State would be prejudiced by Applicant's delay in presenting this claim under the doctrine of laches. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: February 4, 2015
Do not publish